UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No.  11-32942
                                                          Chapter 13
GEORGE LEFTRIDGE,

    Debtor.

_____

GEORGE LEFTRIDGE,

    Plaintiff,

v.                                                        Adv. Proc. 12-03073

EASY MONEY,

    Defendant.

## MEMORANDUM OPINION

Before the court is the defendant′s, Easy Money, motion to dismiss this adversary proceeding. Easy Money contends that the plaintiff, George Leftridge, has failed to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).[1] Leftridge filed a response in opposition to the motion to dismiss. The matter was set for hearing on July 15, 2013. For the following reasons, the motion to dismiss will be granted, in part, and denied, in part.

### Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy

---

[1] FRCP 12(b)(6) is made applicable to adversary proceedings in bankruptcy by FRBP 7012(b).

court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this adversary proceeding involves an alleged violation of the § 362 automatic stay and seeks to avoid a post-petition transfer of estate property pursuant to § 549, this is a core proceeding under 28 U.S.C. § 157(b)(2). Thus, this court's jurisdiction is extended to the entry of a final order or judgment.

Plaintiff's Alleged Facts[2]

Leftridge filed a chapter 13 petition for relief in this court on November 7, 2011. In the schedules accompanying his petition, Leftridge listed Easy Money as an unsecured creditor, and notice of the bankruptcy was mailed to Easy Money on November 8, 2011.

Prior to Leftridge's bankruptcy filing, he gave Easy Money a check for $587.50. On December 2, 2011, Easy Money presented the check to Leftridge's bank, where it was honored.

On December 13, 2011, Leftridge's bankruptcy attorney sent a letter to Easy Money requesting the return of the $587.50. Easy Money, however, did not return the subject funds, and Leftridge commenced this adversary proceeding on August 15, 2012.

Conclusions of Law

The amended complaint alleges two counts. In count one, Leftridge contends that Easy Money willfully violated the automatic stay by its retention of the money it received from cashing his check post-petition. In the second count, Leftridge seeks to avoid the post-petition transfer and recover the funds received by Easy Money.

The court will first consider the count of the complaint alleging a willful violation of the automatic stay. As explained in *Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485 (6th Cir. B.A.P. 2008), the debtor's checking account, as of the time of bankruptcy, was part of the bankruptcy estate pursuant to 11 U.S.C. § 541. *Id.* at 490. Further, the filing of the bankruptcy

---

[2]When considering a motion to dismiss for failure to state a claim under F.R.C.P. 12(b)(6), the court must accept the allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. *Hoffend v. Villa (In re Villa)*, 261 F.3d 1148, 1150 (11th Cir. 2001).

petition gave rise to the automatic stay of § 362, and that stay prohibited acts to obtain possession or control over that estate property. *Id.* However, § 362(b)(11) excepts from the stay the presentment of a negotiable instrument. *Id.*

In court, Leftridge conceded that Easy Money did not violate the stay by its post-petition presentation of the check to his bank. Instead, it is Easy Money's retention of those funds that Leftridge contends constitutes a willful stay violation.

The panel in *In re Meadows*, Supra at 491–92, found that when a check is presented to the debtor's bank and is honored, the bankruptcy estate's interest in the funds is completely transferred. (*Citing* 11 U.S.C. § 101(54)(D) and *Barnhill v. Johnson*, 503 U.S. 393, 394–95, (1992)). It follows that "[b]ecause the funds in the Debtor's bank account were no longer property of the estate once they were transferred . . . , retention of the funds was not a violation of the automatic stay." *Id.* at 494.

The plaintiff urges the court not to follow *In re Meadows* and, in turn, to conclude that funds continue to be property of the bankruptcy estate even after a debtor's bank honors a negotiable instrument. The undersigned, however, agrees with the rationale expressed in *In re Meadows*:

> It would be illogical to interpret § 362(b)(11) to mean that the holder of a check can hand the check to a bank teller but cannot take the cash the teller hands over the counter without violating the stay, or that the holder may accept the funds but must immediately return them to the drawer. Such an interpretation would render the exception essentially meaningless, because the purpose of presenting a check is to receive payment. An interpretation of this nature is also inconsistent with the legislative history of § 362(b)(11), which indicates, as recognized by the only two courts of appeals that have addressed the issue, that by the enactment of § 362(b)(11), "Congress wanted to make clear that 'the automatic stay is not intended to interfere with the rights of a holder of a negotiable instrument to obtain payment.' " *In re Roete,* 936 F.2d 963, 966 (7th Cir.1991) (quoting *Morgan Guar. Trust Co. of New York v. Am. Sav. & Loan Ass'n,* 804 F.2d 1487, 1492 n. 5 (9th Cir.1986)).

*In re Meadows,* 396 B.R. 486, 494–495 (6th Cir. B.A.P. 2008); *see also Blasco v. Money Services Center, d/b/a Cash Connection (In re Blasco)*, 352 B.R. 888, 894–95 (Bankr. N.D. Ala. 2006).

The court turns now to the Easy Money's motion to dismiss as it relates to the second court of the complaint. In the second count, Leftridge seeks to avoid the post-petition transfer of estate funds pursuant to 11 U.S.C. § 549. Just because this transfer does not constitute a violation of the stay does not mean that the transfer cannot be avoided under § 549. "Section 362(b)(11) does not authorize any transfer of estate property, it merely permits the presenter's performance of an act that would otherwise be a stay violation." *Thomas v. Money Mart Fin. Servs., Inc. (In re Thomas)*, 311 B.R. 75, 79 (Bankr. W.D. Mo. 2004). Therefore, the second count of the complaint, the § 549 post-petition transfer avoidance, must survive Easy Money's motion to dismiss.

The court notes that Easy Money has deposited $587.50 into the court's registry. One could assume that Easy Money's intent is to make an offer of judgment with respect to the second count of the complaint. Yet, Easy Money has not complied with the requirements of F.R.C.P. 68 in doing so.[3]

## Conclusion

For the foregoing reasons, Easy Money's motion to dismiss the complaint for failure to state a claim upon which relief can be granted will by separate order be granted as to count one of the amended complaint and denied as to count two of the amended complaint.

Done this the 5th day of August, 2013.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c:  Anthony B. Bush, Plaintiff's Attorney
    Paul D. Esco, Plaintiff's Attorney
    Kristen P. Abbott, Defendant's Attorney
    Trustee

---

[3] F.R.C.P. 68 is made applicable to adversary proceedings in bankruptcy through F.R.B.P. 7068.